# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20717

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2019

Lyle W. Cayce
Clerk

SULTANA ENTERTAINMENT, L.L.C.,

> Plaintiff - Appellant

v.

ELISEO ROBLES GUTIERREZ; ISRAEL GUTIERREZ LEIJA; MANOLO ROBLES PEREZ,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-702

Before STEWART, Chief Judge, and DENNIS and WILLETT, Circuit Judges.

PER CURIAM:*

Before us is an appeal from the district court's enforcement of the parties' forum selection clause through its dismissal of this case under the doctrine of forum non conveniens. We previously remanded this action to the district court to provide its reasons for dismissal and now review the appeal with the benefit of its explanation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20717

Sultana Entertainment, LLC (Sultana), an artist management company, sued the members of musical group La Leyenda individually (Defendants) in Texas state court, alleging unfair competition and breach of a representation agreement assigned to Sultana and seeking declaratory and injunctive relief. Defendants removed the case to the Southern District of Texas based on diversity of citizenship, as all Defendants resided in Mexico. The representation agreement on which Sultana's lawsuit was based includes the following forum selection clause, as translated from Spanish to English and accepted by the district court:[1]

> For interpretation or compliance purposes or any other circumstance in connection to this agreement, the parties agree being subject to the laws of the State of Nuevo Leon, Mexico and to the Jurisdiction and Competence of the Court of Monterrey, N.L., waiving any other venue which could correspond to them by reason of its present or future address.

As the district court explained on remand, it dismissed the action pursuant to this forum selection clause under the doctrine of forum non conveniens, determining that the clause was mandatory and enforceable between the parties and that the relevant public interest factors did not override the presumption that the forum selection clause will be enforced. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016) (listing public

---

[1] We see no error in the district court's consideration of this contract and the specific translation used. Plaintiff's complaint referenced the contract, allowing it to be considered without converting the motion to one of summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (district court may consider "documents incorporated into the complaint by reference" (cleaned up)). As to the district court's acceptance of the translation proffered by Defendants, Sultana does not dispute the accuracy of the translation, but instead whether the documents were properly translated pursuant to Federal Rule of Evidence 604. We review this evidentiary determination for abuse of discretion, and find none. *Cf. Maurer v. Independence Town*, 870 F.3d 380, 383 (5th Cir. 2017) ("We review a district court's evidentiary rulings when it determines the summary judgment record under an abuse of discretion standard.").

interest factors and noting they will "outweigh a valid forum clause only in truly extraordinary cases"). "We review the district court's interpretation of the [forum selection clause] and its assessment of that clause's enforceability *de novo*," but we "review for abuse of discretion the [district] court's balancing of the private- and public-interest factors" implicated by a forum non conveniens analysis. *Id.* at 767–68. A careful review of the record in this case, a full consideration of the parties' briefs, and a thorough analysis of the district court's ruling lead us to conclude that the district court was correct in determining that the forum selection clause here was mandatory and enforceable between the parties. Moreover, the district court acted well within its discretion in concluding that Sultana failed to meet the "high burden of persuasion on the party seeking to avoid enforcement of the [forum selection clause]." *Id.* at 776. Therefore, we affirm the district court judgment for essentially the reasons stated by that court.

AFFIRMED.